UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SCOTTIE D. HOGROE, | |
| Petitioner, | No. 16 C 2976 |
| v. | Judge Thomas M. Durkin |
| BURLINGTON NORTHERN SANTA FE RAILWAY CO., | |
| Respondent. | |

**MEMORANDUM OPINION AND ORDER**

Scottie Hogroe was employed as an engineer by the Burlington Northern Santa Fe Railway Company ("BNSF"). He was fired, and his termination was affirmed by an arbitration panel pursuant to a collective bargaining agreement. Hogroe has filed a petition for review of the arbitration panel's decision. R. 1. BNSF has filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). R. 8. For the following reasons, BNSF's motion is granted.

**Legal Standard**

BNSF contends that the Court lacks subject matter jurisdiction under 45 U.S.C. § 153(q). But that statute expressly provides that when a railroad employee is "aggrieved" by an arbitration panel decision, the employee "*may* file in any United States district court . . . a petition for review." (emphasis added). The same statutory provision goes on to unequivocally state that the "court *shall* have

jurisdiction to affirm the order of the [arbitration panel], or to set it aside, in whole or in part, or it may remand the proceedings to the [arbitration panel] for such further action as it may direct." *Id.* (emphasis added). Since Hogroe is "aggrieved" by the arbitration panel's decision against him, the Court has jurisdiction over his petition.

Even though BNSF styled its motion as a motion to dismiss for lack of subject matter jurisdiction, its arguments actually address the standard of review federal district courts must apply to petitions from arbitration panel decisions under 45 U.S.C. § 153(q). BNSF's arguments challenge whether the allegations in Hogroe's petition plausibly allege a basis to overturn or remand the arbitration panel's decision. Such an argument should be evaluated under the standard for a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6). The Court will apply that standard.

A Rule 12(b)(6) motion challenges the sufficiency of the complaint. *See, e.g., Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will

not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Mann v. Vogel*, 707 F.3d 872, 877 (7th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Mann*, 707 F.3d at 877.

## Analysis

Under the federal Railway Labor Act, "a railroad employee alleging a violation of a collective bargaining agreement must submit such a dispute to [a statutorily designated arbitration panel] for resolution." *Union Pacific R.R. Co. v. Sheehan*, 439 U.S. 89, 89 (1978). A railroad employee may seek federal district court review of the arbitration panel's decision. 45 U.S.C. § 153(q). "On such review, the findings and order of the [arbitration panel] shall be conclusive on the parties, except that the order of the [arbitration panel] may be set aside, in whole or in part, or remanded to the [arbitration panel], [1] for failure of the [arbitration panel] to comply with the requirements of this chapter, [2] for failure of the order to conform, or confine itself, to matters within the scope of the [arbitration panel's] jurisdiction, or [3] for fraud or corruption by a member of the [arbitration panel] making the order." *Id.* The Supreme Court has "time and again emphasized that this statutory language means just what it says," i.e., "[o]nly upon one or more of these bases may

3

a court set aside an order of [an arbitration panel]." *Sheehan*, 439 U.S. at 93. Judicial review of an arbitration panel's decision under the Railway Labor Act is "among the narrowest known to law." *Id.* at 91; *accord Pokuta v. Trans World Airlines*, 191 F.3d 834, 839 (7th Cir. 1999). The Seventh Circuit has described this standard of review as involving an "extremely high level of deference" to the arbitration panel. *Lyons v. Norfolk & W. Ry. Co.*, 163 F.3d 466, 469 (7th Cir. 1998).

Hogroe's sole claim is that the arbitration panel that reviewed his termination exceeded its jurisdiction when it "fail[ed] to apply the [progressive] disciplinary standards set forth in the BNSF Policy for Employee Performance Accountability ('PEPA')." R. 1 ¶ 1. Specifically, Hogroe alleges that if the arbitration panel had applied the PEPA he should have been suspended rather than terminated. *Id.*

"To remain within the scope of its jurisdiction," the arbitration panel's "decision must be based on the provisions of the [collective bargaining agreement]." *Lyons*, 163 F.3d at 469 ("the essence of the [arbitration panel's] decision must be contained in the terms of the agreement between the union and the employer"). Hogroe has not alleged that the PEPA is incorporated into the collective bargaining agreement that governs his employment. Absent such an allegation, Hogroe has failed to plausibly allege that the arbitration panel exceeded its jurisdiction by failing to apply the PEPA.

Even if Hogroe had alleged that the PEPA is incorporated into the collective bargaining agreement, he has failed to plausibly allege that the arbitration panel

4

did not consider the PEPA in making its decision. The record of the proceedings before the arbitration panel (attached to and incorporated by reference into Hogroe's petition) shows that Hogroe argued that his termination violated the PEPA. The panel's written decision notes that Hogroe made the argument that his termination "does not meet the concept of progressive discipline," because Hogroe's "last [relevant] discipline mark on his record was in March 2006, nearly seven years prior to this incident." R. 1-3 at 4. BNSF also addressed application of the PEPA in its brief, arguing that Hogroe "was disciplined more harshly, and properly under PEPA, for the multiple serious rules that he violated, separate and apart from the serious violation for failing to report the incident." R. 10-1 at 8. With respect to "the extent of discipline," which is how the PEPA would be relevant to Hogroe's termination, the panel disputed Hogroe's claim that he had a "stellar record" and only two discipline marks. R. 1-3 at 5. The panel found that the incident at issue was Hogroe's eleventh disciplinary proceeding over the past nine years," and that this was a sufficient basis to support Hogroe's termination. *Id.* Notably, Hogroe highlights the fact that a member of the arbitration panel dissented, arguing that the panel's decision was contrary to the PEPA. *See* R. 1-5. This is further demonstration that the panel considered the PEPA in making its decision.

To the extent Hogroe claims that the arbitration panel was incorrect in its application of the PEPA, that claim is not actionable under 45 U.S.C. § 153(q). A claim that an arbitration panel exceeded its jurisdiction, like the claim Hogroe brings here, is only cognizable if the arbitration panel's decision was not "based on

5

the provisions of the [collective bargaining agreement]," such that "the arbitrators [didn't] interpret the [collective bargaining agreement] . . . [or] if they disregard[ed] the contract." *Lyons*, 163 F.3d at 469. "It is not for [the federal courts] to decide if [the arbitration panel's] conclusion was correct; it is sufficient for [the federal courts] to say that in arriving at this conclusion, the [arbitration panel] was interpreting the [relevant] contractual term[s]." *Id.* at 470. To the extent that the PEPA is incorporated into the collective bargaining agreement, the record (in documents attached to and referenced in the complaint) shows that the arbitration panel considered it. Whether the panel got it wrong is not for this Court to decide.

Although he does not allege it in his complaint, Hogroe argues in his brief that his claim is "essentially a due process claim." R. 15 at 2. The Seventh Circuit has held that "an allegation that a party was denied due process," is "a fourth category of objections that supply jurisdiction over [an arbitration panel] award [under the Railway Labor Act]." *Pokuta*, 191 F.3d at 839. Although the Supreme Court has yet to decide whether "a reviewing court [may] set aside an [arbitration panel] adjudication for incompatibility with due process," it has stated that a "case of that order would be *uncommon*." *Union Pac. R. Co. v. Bhd. of Locomotive Engineers*, 558 U.S. 67, 81 & n.7 (2009) (emphasis added). Indeed, the Supreme Court has indicated that "many of the cases [in which federal courts have] review[ed] ostensibly extra-statutory due process objections could have been accommodated within the statutory framework." *Id.* at 81 n.7. For that reason, in the *Union Pacific* case from 2009, the Supreme Court rejected the Seventh Circuit's

6

holding that an arbitration panel's decision had violated due process. Nevertheless, the Supreme Court affirmed the Seventh Circuit's decision that an arbitration panel had exceeded its statutory authority in determining that an employee's compliance with certain procedural rules deprived the arbitration panel of jurisdiction over the employee's claim. The Supreme Court held that it was unnecessary to reach issues of due process if the reference to the statute is sufficient. *Id.* at 80 ("The Seventh Circuit . . . asked the right question, but inappropriately placed its answer under a constitutional, rather than a statutory, headline.").

Here, the Court has explained that 45 U.S.C. § 153(q) precludes Hogroe's claim. His attempt to translate his claim into due process terms does not help his cause. Nevertheless, to the extent the Supreme Court has left the door open to due process challenges to arbitration panel decisions under the Railway Labor Act, Hogore has failed to allege in his complaint, or argue in his brief, how his due process rights were violated. In fact, Hogore alleges that he received a hearing, was permitted to present evidence and argument, and that the panel's decision reflects consideration of the PEPA. The Court does not perceive a due process violation in these allegations, let alone a due process violation that would rise to the "uncommon" level described by the Supreme Court.

7

**Conclusion**

For the foregoing reasons, BNSF's motion to dismiss, R. 8, is granted, and Hogroe's petition is denied with prejudice. The Court has had the opportunity to review the record of proceedings before the arbitration panel, and finds that it would be futile for Hogroe to attempt to replead his claims.

ENTERED:

*Thomas M Durkin*
_____
Honorable Thomas M. Durkin
United States District Judge

Dated:  November 1, 2016